E-FILED
Wednesday, 20 July, 2011  04:14:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL NIXON and ANJEANETTE MCKEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 10-1401 ) |
| GALESBURG COMMUNITY UNIT SCHOOL DISTRICT 205, GALESBURG HIGH SCHOOL, and TEVIN TEEL, in his individual capacity, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendants Galesburg Community Unit School District 205's (hereinafter "the District") and Galesburg High School's Motion to Dismiss Plaintiffs' Complaint. For the reasons set forth below, the Motion [#5] is DENIED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a claim asserted in the Complaint presents a federal question under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the claims asserted under Illinois state law pursuant to 28 U.S.C. § 1367, as they are so related to the claims within the Court's federal question jurisdiction that they form part of the same case or controversy.

## BACKGROUND

Plaintiff Nathaniel Nixon ("Nixon") was a 17-year-old student at Galesburg High School

1

in Galesburg, Knox County, Illinois on December 7, 2009.[1] On that date, Defendant Tevin Teel ("Teel"), a fellow male student, attacked Nixon as class was beginning in the Agricultural Sciences room at Galesburg High School. As a result of the attack, Nixon incurred injuries, experienced pain and suffering, was disfigured, and incurred medical expenses. Teel was known to be a troublemaker, bully, fighter, and had previously threatened and injured other students. Previous to December 7, 2009, Nixon was repeatedly harassed by Teel on the school's premises, and he had informed supervisors, teachers, and counselors of Teel's threatening behavior. The students were under the supervision of teachers and other employees on December 7, 2009, and previous to that date. Plaintiff Anjeanette McKee ("McKee") is Nixon's mother and was his legal guardian, responsible for his medical charges and bills on the date of the incident.

On December 7, 2010, Nixon and McKee filed their Complaint against the District, Galesburg High School, and Teel in his individual capacity, alleging a violation of 42 U.S.C. § 1983, willful and wanton conduct by the District and High School, an Illinois Family Expense Act claim, and battery by Teel against Nixon. Defendants Galesburg Unit School District 205 and Galesburg High School filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is fully briefed and this Order follows.

## DISCUSSION

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d

---

[1] For purposes of resolving this Motion, the allegations in the Complaint are presumed to be true.

1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)). The Seventh Circuit has recently explained that it understands the Supreme Court's reasoning in *Twombly* and *Iqbal* to be saying that, "the Plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

**I.  Galesburg High School as a Named Defendant**

The District and High School initially argue that the latter is an indivisible part of the school system operated by the District, and so it is not an independent legal entity with the capacity to be sued. Plaintiffs agree that the District is the appropriate defendant in this matter and so agree to dismiss the High School as a defendant in each and every count. Accordingly, Defendant Galesburg High School is dismissed as a defendant from this case.

**II.  Plaintiffs' Section 1983 Claim**

In their Complaint, Plaintiffs allege that the District violated Nixon's constitutional right to equal protection where it was deliberately indifferent to the risk that Teel would assault and attack Plaintiff Nixon, and where it made no effort to prevent the attack and assault upon Nixon's person in December 2009. Section 1983 imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the

3

Constitution or laws of the United States. 42 U.S.C. § 1983. Under *Monell v. Department of Social Services of City of New York*, the School District cannot be held liable under § 1983 based upon a *respondeat superior* theory. 98 S.Ct. 2018, 2036 (1978). Instead, in order to allege that a local governmental entity violated a plaintiff's rights under Section 1983, the plaintiff must show: 1) that there was an express policy that when enforced, caused a constitutional deprivation, 2) that there was a widespread practice that, although not authorized by written law or express policy, was so permanent and well settled as to constitute a custom or usage with the force of law, or 3) the plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

The District argues that Plaintiffs' Section 1983 claim must fail because Plaintiffs have failed to allege any affirmative action by the District. Specifically, the District argues that Plaintiffs have failed to allege that the District acted in accordance with any express policy, that the District's actions were so well settled as to constitute a custom or usage, or that the District's actions were caused by a person with final policymaking authority. Plaintiffs counter that upon further investigation, Teel was on in-school suspension at the time he attacked Nixon, and that there had been multiple threats and physical assaults on other students and faculty. They contend that such an affirmative act to put Teel on in-school suspension rather than out-of-school suspension was an express policy decision which would subject the District to liability under Section 1983. Plaintiffs request that the Court give them leave to amend the Complaint.

Plaintiffs' Complaint, as currently plead, is insufficient to state a claim under Section 1983 for the School District's alleged violations of their rights to equal protection and substantive due process where they have not included allegations that any action was taken by

4

the District. However, given Plaintiffs' representations that further investigation has provided them with additional information in this case, the Court will grant Plaintiffs' request to amend their Complaint. The School District's Motion is accordingly denied. However, if the School District believes that the Plaintiffs' Amended Complaint fails for the same reasons it has identified in its current Motion to Dismiss, the District may renew its Motion once the Amended Complaint has been filed.

## CONCLUSION

For the reasons set forth above, Defendant Galesburg Community Unit School District 205's Motion to Dismiss [#5] is DENIED. Defendant Galesburg High School is DISMISSED as a party from this case. Plaintiffs are GRANTED leave to amend their Complaint with 14 days of the date of this Order, and Defendant may renew its Motion to Dismiss at that time.

ENTERED this 20th day of July, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge