UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHANIEL NIXON AND ANJEANETTE MCKEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-1401 |
| GALESBURG COMMUNITY UNIT SCHOOL DISTRICT 205, GALESBURG HIGH SCHOOL AND TEVIN TEEL, in his individual capacity | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is now before the Court on Defendants' Motion for Involuntary Dismissal [#10]. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART. Plaintiffs' claim arising under 42 U.S.C. § 1983 against Defendant Galesburg Community Unit School District 205 is dismissed with prejudice. Furthermore, as more fully explained below, the Court declines to exercise supplemental jurisdiction over Plaintiffs' Illinois State law claims. As a result, those claims are dismissed without prejudice.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a claim asserted in the Complaint presents a federal question under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the remaining claims asserted under Illinois State law pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims within the Court's jurisdiction

1

under 28 U.S.C. § 1331 that they form part of the same case or controversy.

## STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the nonmoving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

## BACKGROUND AND PROCEDURAL HISTORY

On December 7, 2010, Plaintiffs filed their four count Complaint [#1] asserting a claim under 42 U.S.C. § 1983 against Defendant Galesburg Community Unit School District 205 and Defendant Galesburg High School, and three claims under Illinois State law arising against the various Defendants (including the District and School) out of an incident wherein Plaintiff Nathaniel Nixon alleges that he was attacked by one of the Defendants while attending Galesburg High School. Defendants Galesburg Community Unit School District 205 and Galesburg High School subsequently filed a Motion to Dismiss Plaintiffs' Complaint [#5]. The Plaintiffs acknowledged the deficiencies in their claim and requested permission to amend their Complaint. Defendants' Motion [#5] was denied; however the Court found that Plaintiffs' complaint, as pled at that time, was insufficient to state a claim under Section 1983, and directed

the Plaintiffs' to file an amended complaint within 14 days of the Order[1].

Plaintiffs failed to adhere to the deadline set forth in the Court's July 20, 2011, Order. As a result, Defendant Galesburg Community Unit School District 205, filed the instant motion requesting that the Court dismiss the Complaint for lack of prosecution and/or failure to comply with the Court's July 20, 2011, Order.

On August 19, 2011, Plaintiffs filed a response agreeing to dismiss their claim based on 42 U.S.C. § 1983 with prejudice, and further requesting that the remaining claims be remanded to State Court in Knox County, Illinois.

**DISCUSSION**

There is no dispute as to the ultimate resolution of Plaintiffs' 42 U.S.C. § 1983 claim. Plaintiffs have failed to state a claim under Section 1983, and have agreed to dismiss that claim with prejudice. With the dismissal of this claim, the Court must now consider the fate of Plaintiffs' remaining Illinois State law claims.

Defendant Galesburg Community Unit School District 205 seeks to dismiss the entire Complaint against it for lack of prosecution and failure to comply with the Court's previous order. Notably, the Court's previous Order examined the Plaintiffs' Section 1983 claim and did not specifically address the remaining Illinois State law claims. Federal Rule of Civil Procedure 41(b) provides that a matter can be dismissed for failure to prosecute an action or comply with court orders. However, Courts are cautioned that the "ultimate sanction" of dismissal for failure

---

[1] Plaintiff agreed that Defendant Galesburg High School was not an appropriate Defendant and agreed to dismiss it from this case.

to prosecute or comply with a court order should only be used in extreme situations. Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir. 2003). The Court is also reminded that it should provide an explicit warning to the Plaintiff of the consequences of continued failure to prosecute or comply before dismissing their case. Sharif v. Wellness Intern. Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004).

While this Court is mindful of Plaintiffs' lack of diligence in either amending their or otherwise timely informing the Court of their desire to dismiss the claim, the Court does not view their action so egregious that it should bar them from their pursuit of their other properly pled claims. Plaintiffs' agreement to dismiss the Section 1983 claim provides the relief that the Defendant previously sought on its initial Motion to Dismiss. This was the claim that the Court allowed the Plaintiffs leave to amend. As such, the Court concludes that the dismissal with prejudice serves as an appropriate result for Plaintiffs' failure to prosecute their claim and comply with the Court's Order.

With respect to the remaining Illinois State law claims, the Court notes that "when all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp., 551 F.3d 599, 607 (7th Cir. 2008). In balancing the facts and circumstances of this case, the Court finds that declining to exercise supplemental jurisdiction over the Illinois State law claims is the most prudent and appropriate course of action. This case remains in its infancy and the Plaintiffs have yet been able to properly plead a federal claim. The remaining Illinois State-law claims being advanced by the Plaintiffs are best decided by the State court.

While the Plaintiffs request that this matter be remanded to State Court in Knox County; this Court declines to do so. There is no place for the Court to remand as the Plaintiffs filed the Complaint in this Court. As a result, the Court finds it appropriate to dismiss Plaintiffs' Illinois State law claims without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Involuntary Dismissal [#10] is GRANTED IN PART and DENIED IN PART. Count IV(A) is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims are dismissed without prejudice.

ENTERED this  26th  day of August 2011

    /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge